■ GLORIA BAKER, Appellant, v LATHAM SPARROWBUSH ASSOCIATES, Respondent.—In an action for a judgment declaring invalid a lease option as violative of EPTL 9-1.1 (b), the plaintiff appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), dated June 20, 1985, which granted the defendant landlord's cross motion to dismiss the complaint on the ground that the plaintiff had no standing to sue, and which declined to pass on any other issue with respect to the plaintiff's motion and the defendant's cross motion.

Ordered that the order is affirmed, with costs.

Special Term properly dismissed the plaintiff's complaint on the ground that she had no standing to bring an action for a declaratory judgment regarding the validity of a provision in a real property lease to which she is not a party. It is undisputed that the names of the parties on the subject lease are the defendant, Latham Sparrowbush Associates (hereinafter LSA), as landlord, and a corporation known as Cohoes Industrial Terminal, Inc. (hereinafter CIT), as tenant. Although the plaintiff contends that CIT is merely her "nominee", this allegation is unsubstantiated by any documentary proof or other written evidence in the record. It is well settled that in order for an agent to exercise its authority to perform or execute a contract for the leasing of real property for a period of longer than one year, that agent must have written authorization from his principal or principals granting him that power *(see,* General Obligations Law § 5-703 [2]; *Ochoa v Estate of Sarria,* 97 AD2d 538).

Moreover, even assuming, arguendo, that the plaintiff is a majority stockholder of the CIT corporation, she still has no right to commence an action in her individual capacity questioning the validity of a lease to which she is not a party *(see, General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102; *New Castle Siding Co. v Wolfson,* 97 AD2d 501, *affd* 63 NY2d 782, *rearg denied* 64 NY2d 755). The complaint was properly dismissed because a stockholder has no right to bring an action in his or her own name for a wrong committed against the corporation *(see, Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177).

We have reviewed the plaintiff's remaining contentions with respect to the propriety of the orders appealed from and find them to be without merit. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.