■ PEBBLE COVE HOMEOWNERS' ASSOCIATION, INC., et al., Appellants, v FIDELITY NEW YORK FSB et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal (1) from an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), dated August 12, 1988, which, upon granting the motion of the defendants Fidelity New York FSB and Thomas Dixon Lovely for summary judgment dismissing the amended complaint insofar as it is asserted against them, is in favor of those defendants and against the plaintiffs, and (2) from an order of the same court dated September 28, 1988, which denied their motion for reargument.

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the respondents are awarded one bill of costs.

It is well settled that: "The corporate veil will be pierced (1) to achieve equity, even absent fraud, where the officers and employees of a parent corporation exercise control over the daily operations of a subsidiary corporation and act as the true prime movers behind the subsidiary's actions (see *Van Valkenburgh, Nooger & Neville v Hayden Pub. Co.,* 30 NY2d 34, mot for rearg den 30 NY2d 880, cert den 409 US 875; *Fiur Co. v Ataka & Co.,* 71 AD2d 370; *Astrocom Electronics v Lafayette Radio Electronics Corp.,* 63 AD2d 765; 13 NY Jur 2d, Business Relationships, § 30), and/or (2) where a parent corporation conducts business through a subsidiary which exists solely to serve the parent (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Educational Beneficial v Reynolds,* 67 Misc 2d 739)." *(Matter of Sbarro Holding,* 91 AD2d 613, 614.)

To pierce the corporate veil between a parent corporation and subsidiary, the parent corporation must exercise complete domination and control in the matter *(see, Gulf & W. Corp. v New York Times Co.,* 81 AD2d 772, 773). Stock control, interlocking directors and interlocking officers are in and of themselves insufficient facts to justify the imposition of such liability on the parent corporation *(see, Musman v Modern Deb,* 50 AD2d 761, 762). Control by the parent over the subsidiary's everyday operations will, however, render the parent liable for the subsidiary's acts *(see, Fiur Co. v Ataka & Co.,* 71 AD2d 370, *supra).*

Generally, whether a principal-agent relationship exists

between two corporations is a question of fact to be decided at trial, rather than on a motion for summary judgment *(see, Key Intl. Mfg. v Morse/Diesel Inc.,* 142 AD2d 448, 455). Where, however, as in this case, the ground for granting summary judgment is the failure of the amended complaint to adequately allege the means by which the parent, the defendant Fidelity New York FSB, controlled its wholly owned subsidiary, Shoratlantic Development Co., Inc., and documentation submitted in opposition to the motion was devoid of evidentiary facts in support of the plaintiffs' contentions that the parent totally controlled the everyday operation of the subsidiary, disposing of the matter on a motion for summary judgment was proper *(cf., Astrocom Elecs. v Lafayette Radio Elecs. Corp., supra).*

We have considered the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.