■ MARCIANA RODRIGUEZ et al., Appellants, v G.W. BRIDGE REALTY, INC., Respondent.—Appeal from order, Supreme Court, New York County (Andrew R. Tyler, J.), entered May 9, 1989, which granted defendant's motion, pursuant to CPLR 317, to vacate an order of default, entered October 6, 1988, is held in abeyance, and the matter is remanded for a hearing as to whether defendant received notice of certified mail from the Secretary of State of New York, without costs.

On May 6, 1987, while Mr. and Mrs. Albert Rodriguez were tenants in a multiple dwelling (premises) located at 752 West 178th Street, Manhattan, Mrs. Rodriguez was allegedly assaulted and robbed in that place.

At the time of the incident, G.W. Bridge Realty, Inc. (owner) owned, operated, and controlled the premises. The owner's certificate of incorporation, dated March 23, 1984, designated the New York Secretary of State as its agent, upon whom process against it should be served, and specified that such process should be mailed by the Secretary of State to P.O. Box 83, New York, New York 10031.

Subsequently, in February 1988, Mr. and Mrs. Rodriguez (plaintiffs) commenced in the Supreme Court, New York County, an action against the owner (defendant) to recover damages. In their complaint, plaintiffs allege, in substance, that defendant's negligence had caused the injuries which Mrs. Rodriguez had suffered as a result of the assault and robbery mentioned *supra.*

Pursuant to Business Corporation Law § 306, on February 18, 1988, plaintiffs served the Secretary of State, as defendant's agent, with a copy of the summons and complaint in the instant action. The Secretary of State certifies that she forwarded the subject process, by certified mail, return receipt requested, to the address specified by defendant, and that this letter was returned to her office marked "unclaimed".

Since defendant did not timely answer or appear, plaintiffs moved for a default judgment. By order, Supreme Court, New York County (Andrew R. Tyler, J.), entered October 6, 1988, IAS court granted that motion and directed an assessment of damages.

Within two weeks after entry of the IAS default order, defendant moved, pursuant to CPLR 317, to vacate it. Plaintiffs opposed.

Defendant's president, in an affidavit, states, in pertinent part, the defendant never received "any notification from the Secretary of State that service of process had been made on the Secretary of State", the defendant received a copy of the summons and complaint, by regular mail, from plaintiffs' attorney, and that copy "was attached to a Notice of Motion to take a default. I immediately sent those papers to my Broker". Furthermore, the defendant's president, in his affidavit, asserted a meritorious defense.

By order entered May 9, 1989, the IAS court granted defendant's motion to vacate the default. Plaintiffs appeal.

It has been held that "[a] defendant's right to defend a suit when it is shown that it 'did not personally receive notice of the summons in time to defend' is given strong protection by CPLR 317 without the necessity of showing excusable default * * *. The statute was not intended, however, to permit a corporate defendant to ignore notice of certified mail and leave such mail unclaimed at the post office" *(Rifenburg v Liffiton Homes,* 107 AD2d 1015, 1016 [1985]).

Based upon our examination of the record, we find that the IAS court erred when it granted defendant's motion to vacate the default, since there is a material triable issue of fact as to whether defendant had knowledge of the certified mail from the Secretary of State and intentionally left it unclaimed at the post office.

Accordingly, we hold the appeal in abeyance, and remand the matter for a hearing on that issue. Concur—Sullivan, J. P., Ross, Milonas and Rubin, JJ.