■ MOUNT VERNON FIRE INSURANCE COMPANY, Respondent, v WILLIAM & GEORGIA CORP., Appellant, et al., Defendant, et al., Counterclaim Defendant. [598 NYS2d 257] —Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered August 6, 1992, granting plaintiff's motion for summary judgment declaring, *inter alia,* that plaintiff was not obliged either to defend or indemnify defendant with respect to a third-party action arising out of a certain incident, unanimously affirmed, without costs or disbursements.

We agree with the analysis of Justice Burton S. Sherman contained in his June 1, 1992 decision that the insured, William & Georgia Corp., failed, as a matter of law, to comply with the policy's notice of claim provision and, on that point, affirm for the reasons stated therein. On appeal, William & Georgia belatedly attempts to create an issue of fact as to whether plaintiff should be estopped from disclaiming coverage by failing to give timely notice of disclaimer. Contrary to William & Georgia's assertions, this issue was neither raised nor developed by it before the IAS Court. What William & Georgia raised on the motion was an estoppel claim based on

plaintiff's agreement to defend in other instances where the notice of claim was delayed for a period of time as great or greater than what is involved here, i.e., over four months. That is an entirely different argument, which, it should be noted, fails for lack of substance. It is well settled that an issue not raised in the court of original jurisdiction is not preserved for appellate review. *(Slater v Gallman,* 38 NY2d 1, 4.) This rule has particular application where the belatedly raised issue could have been met, as appears to be the case here, by a factual showing. *(Cf., Sega v State of New York,* 60 NY2d 183, 190, n 2.)

We have reviewed William & Georgia's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kassal and Rubin, JJ.