■ PAUL CRAWFORD, Appellant, v WINDMERE CORPORATION, Respondent, et al., Defendant. [690 NYS2d 741] —In an action to recover damages for personal injuries, the plaintiff appeals

from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 18, 1998, which granted the motion of the defendant Windmere Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the defendant Windmere Corporation (hereinafter Windmere) made a prima facie showing of its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851) by submitting, *inter alia,* excerpts of the plaintiff's deposition testimony, the affidavit and report of Windmere's engineering expert, and the report of the plaintiff's engineering expert. This evidence was neither conclusory nor unsubstantiated, and the plaintiff failed to meet his burden of raising a triable issue of fact in response thereto (*see generally, Zuckerman v City of New York,* 49 NY2d 557). Hence, the record amply supports the conclusion that the plaintiff's misuse of the product at issue was the sole proximate cause of his injury (*see, Sabbatino v Rosin & Sons Hardware & Paint,* 253 AD2d 417), and the Supreme Court properly granted Windmere's motion for summary judgment.

The plaintiff failed to preserve for appellate review his contention that there are triable issues of fact with regard to the alleged existence of a design defect in the product at issue since he did not oppose Windmere's motion for summary judgment on that ground (*see, Coney Is. Exhaust v Adriana Realty Corp.,* 236 AD2d 506; *Aguirre v City of New York,* 214 AD2d 692; *Mount Vernon Fire Ins. Co. v William & Ga. Corp.,* 194 AD2d 366; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). In any event, the record fails to support this assertion. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.