■ NAB Asset Venture IV, L.P., Respondent, v Orangeburg Equities et al., Appellants. [751 NYS2d 41] —In an action to foreclose a mortgage, the defendants appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 12, 2001, which granted the plaintiff's motion, inter alia, for summary judgment and for the appointment of a referee to ascertain and compute the amount due on the note and mortgage.

Ordered that the order is affirmed, with costs.

John Timoney, Pierce Paley, and Mark E. Baker were general partners in Orangeburg Equities (hereinafter Orangeburg), which was formed to develop a condominium complex in Rockland County. A series of mortgage loans were extended to Orangeburg by Apple Bank for Savings (hereinafter Apple Bank), which were consolidated in a $5 million mortgage in 1986. Baker and Paley defaulted on their obligations under the loan agreement, and in December 1992, Apple Bank filed a judgment against them. In September 1993, Paley died, and in December 1993, Baker filed for bankruptcy. In December 1994 Apple Bank assigned the mortgage to NAB Asset Venture IV, L.P. (hereinafter NAB), and in March 1995 Apple assigned the judgment against Baker and Paley's estate to NAB.

Baker and Paley's estate entered into a settlement agreement with NAB dated February 12, 1996, to settle their individual liabilities. NAB subsequently commenced a foreclosure action against Orangeburg and John Timoney (hereinafter the defendants), and eventually moved for summary judgment. The defendants opposed the motion on the grounds that they

were not served with process, and that they were released by the settlement agreement. The Supreme Court granted NAB's motion for summary judgment. We affirm.

Under General Obligations Law § 15-107, if a partnership is dissolved at the time that a partner is released from partnership liability, the release does not benefit co-partners. Baker had filed for bankruptcy prior to the agreement, and Paley died prior to the agreement. Under Partnership Law § 62 (4), (5), both of these events resulted in the dissolution of the partnership. Since the partnership was dissolved at the time of the settlement agreement, the settlement agreement did not relieve the defendants of liability to NAB under General Obligations Law § 15-107. Since the defendants did not move to dismiss the complaint for improper service within 60 days after they served their answer in which they asserted that defense, they waived the defense of lack of personal jurisdiction (*see* CPLR 3211 [e]).

The defendant's contention that this action is barred by laches was improperly raised for the first time in their reply brief (*see Staltare v D & B Distribs.,* 281 AD2d 469), and, in any event, is without merit. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.