■ Piano 230 North Corp., Respondent, v 230 North Realty, LLC, Appellant. [758 NYS2d 339] —In an action for a judgment declaring that the plaintiff is entitled to retain a down payment on a real estate contract as liquidated damages, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered June 13, 2002, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the plaintiff is entitled to retain the defendant's down payment of $25,000 as liquidated damages.

The plaintiff and the defendant entered into a contract in which the defendant agreed to purchase a multifamily apartment building from the plaintiff. The plaintiff commenced this action for a judgment declaring that it was entitled to retain the defendant's down payment as liquidated damages pursuant to the contract when the defendant refused to proceed with the closing after receiving a "time is of the essence" letter from the plaintiff's attorney.

The Supreme Court properly granted the plaintiff's motion for summary judgment. The contract at issue is unambiguous

(see *W.W.W Assoc. v Giancontieri,* 77 NY2d 157 [1990]). Since nothing therein required the plaintiff to obtain certificates of occupancy for all of the residential units in the building, we will not " 'imply a term which the parties themselves failed to insert' or otherwise rewrite the contract" to require the plaintiff to do so (*Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579, 581 [1993], quoting *Mitchell v Mitchell,* 82 AD2d 849 [1981]; *see also Charter Realty & Dev. Corp. v New Roc Assoc.,* 293 AD2d 438, 439 [2002]).

The defendant's claim regarding the inadequacy of the plaintiff's "time is of the essence" letter is not preserved for appellate review since it was not raised by the defendant in opposition to the plaintiff's motion for summary judgment (*see Crawford v Windmere Corp.,* 262 AD2d 268 [1999]; *Lesman v Weinrib,* 221 AD2d 601 [1995]), and is improperly raised for the first time in the defendant's reply brief (*see NAB Asset Venture IV v Orangeburg Equities,* 299 AD2d 528 [2002]; *Soon Rae Kim v Caesar Chemists,* 297 AD2d 797 [2002]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court for the entry of a judgment declaring that the plaintiff is entitled to retain the defendant's down payment as liquidated damages (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.