■ DAMIANOS REALTY GROUP, LLC, Appellant, v MICHAEL J. FRACCHIA et al., Respondents. [825 NYS2d 274]—

In an action, inter alia, to recover damages for the fraudulent conveyance of assets, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated July 21, 2005, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

One of the primary and completely legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals (*see Bartle v Home Owners Coop.,* 309 NY 103, 106 [1955]). Nevertheless, equity will intervene to "pierce the corporate veil" and permit the assertion of claims against the individuals who control the corporation, in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140-141 [1993]).

Generally, piercing the corporate veil requires a showing that the individual defendants (1) exercised complete dominion and control over the corporation, and (2) used such dominion and control to commit a fraud or wrong against the plaintiff which resulted in injury (*see Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141; *Seuter v Lieberman,* 229 AD2d 386 [1996]; *New York Assn. for Retarded Children, Montgomery County Ch. v Keator,* 199 AD2d 921, 922 [1993]). The mere claim that the corporation was completely dominated by the defendants, or conclusory assertions that the corporation acted as their "alter ego," without more, will not suffice to support the equitable relief of piercing the corporate veil (*see Matter of Morris, supra* at 141-142; *Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821, 823 [1989]). "The decision whether to pierce the corporate veil in a given instance depends on the particular facts and circumstances" (*Weinstein v Willow Lake Corp.,* 262 AD2d 634, 635 [1999]). "Veil-piercing is a fact-laden claim that is not well suited for summary judgment resolution" (*First Bank of Ams. v Motor Car Funding,* 257 AD2d 287, 294 [1999]).

Here, although the plaintiff submitted evidence tending to demonstrate that the defendant Michael J. Fracchia exercised dominion over the corporation against which the plaintiff had

obtained a judgment, the plaintiff failed to establish, prima facie, that Fracchia used such dominion and control to commit a fraud or wrong against the plaintiff which resulted in injury. Therefore, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.