■ Eve Mistrulli, Appellant, v McFinnigan, Inc., et al., Defendants, and Gerhard Grob et al., Respondents. [834 NYS2d 271]—

In an action, inter alia, to recover damages pursuant to General Obligations Law § 11-101, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated December 14, 2005, as, upon prior orders of the same court (1) converting that branch of the motion of the defendant Gerhard Grob which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against him and the separate motion of the defendant Ernest Alscher pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him into motions for summary judgment dismissing the complaint insofar as asserted against those defendants pursuant to CPLR 3211 (c), and (2) reserving determination of the motions pending the movants' depositions, granted the motions.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondent Gerhard Grob.

The plaintiff's husband, while a patron at a bar, was stabbed during an altercation with other patrons and died thereafter. The plaintiff brought this action against, among others, the defendants Gerhard Grob and Ernest Alscher, who were shareholders in McFinnigan, Inc., a corporation which, she alleged, owned and operated the subject bar. The plaintiff sought to recover damages for violation of the Dram Shop Act (*see* General Obligations Law § 11-101) and for common-law negligence. Grob and Alscher separately moved to dismiss the complaint insofar as asserted against them. The Supreme Court converted the motions to summary judgment motions and reserved determination of the motions pending the movants' depositions. After the parties engaged in further discovery, the Supreme Court granted the motion and cross motion.

After Grob and Alscher established their prima facie entitlement to judgment as a matter of law, the Supreme Court correctly determined that there was no basis upon which to pierce the corporate veil as to them. A party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see Old Republic Natl. Tit. Ins. Co. v Moskowitz*, 297 AD2d 724, 725 [2002]; *Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 552 [1994]). Here, the evidence failed to raise a triable issue of fact as to the presence of either of those two elements as to the only two individual defendants at issue on this appeal. Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against Grob and Alscher. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.