■ In the Matter of JEFFREY GOLDMAN, Respondent, v CHARLES CHAPMAN et al., Appellants, and REGION ASSOCIATES, INC., Respondent. [844 NYS2d 126]—

In a proceeding pursuant to CPLR article 52 to enforce a judgment, Charles Chapman and Chapman Apex appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 16, 2007, which denied, in effect, their motion to dismiss the proceeding.

Ordered that the order is reversed, on the law and the facts, with costs, the motion to dismiss is granted, the petition is denied, and the proceeding is dismissed.

Charles Chapman is the sole officer, director, and shareholder of two construction companies: Chapman Apex and Region Associates, Inc. (hereinafter Region). In 2001 the petitioner Jeffrey Goldman obtained a judgment against Region in the total sum of $209,320, including interest. Collection efforts were unsuccessful, and ultimately, the petitioner commenced this special proceeding to enforce the judgment by piercing the corporate veil of Region in order to hold Charles Chapman personally liable for Region's debt. He also sought to find Chapman Apex liable for Region's debt under an alter-ego theory. Chapman Apex, Region, and Charles Chapman contended, inter alia, that the petition should be dismissed because the petitioner could not make out a prima face case on its corporate veil piercing and alter ego claims. We agree.

One of the primary and completely legitimate purposes of incorporating is to limit or eliminate the personal liability of corporate principals (see Bartle v Home Owners Coop., 309 NY 103, 106 [1955]). Generally, a party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury" (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; see Old Republic Natl. Tit. Ins. Co. v Moskowitz, 297 AD2d 724, 725 [2002]; Hyland Meat Co. v Tsagarakis, 202 AD2d 552 [1994]). The mere claim that the corporation was completely dominated by the owners, or conclusory assertions that the corporation acted as their "alter ego," without more, will not suffice to support the equitable relief of piercing the corporate veil (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142; Damianos Realty Group, LLC v Fracchia, 35 AD3d 344 [2006]). "The decision whether to pierce the corporate veil in a

given instance depends on the particular facts and circumstances" (*Damianos Realty Group, LLC v Fracchia,* 35 AD3d at 344 [internal quotation marks omitted]).

Here, although the petitioner submitted evidence tending to demonstrate that Charles Chapman exercised dominion and control over Region, the petitioner failed to establish, prima facie, that Charles Chapman used such dominion and control to commit a fraud or wrong against the petitioner which resulted in injury, or that he failed to observe corporate formalities. There was also no evidence beyond the petitioner's conclusory assertions that Chapman Apex and Region were alter egos (*see Mistrulli v McFinnigan, Inc.,* 39 AD3d 606 [2007]; *Damianos Realty Group, LLC v Fracchia,* 35 AD3d at 344; *John John, LLC v Exit 63 Dev., LLC,* 35 AD3d 540 [2006]; *Treeline Mineola, LLC v Berg,* 21 AD3d 1028 [2005]; *O'Brien-Kreitzberg & Assoc. v K.P., Inc.,* 218 AD2d 519 [1995]). Accordingly, the petition should have been denied and the proceeding dismissed.

In light of our determination, it is unnecessary to reach the appellants' remaining contentions. Spolzino, J.P., Santucci, Balkin and Dickerson, JJ., concur.