■ GLENN WILLIAMS et al., Appellants, v LOVELL SAFETY MANAGEMENT Co., LLC, Respondent, et al., Defendant. (And a Third-Party Action.) [896 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 4, 2008, as granted the motion of the defendant Lovell Safety Management Co., LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Glenn Williams alleged that he was injured when a safety demonstration conducted by an employee of the defendant Corporate Safety & Health Consultants, Inc. (hereinafter Corporate), went awry. The plaintiff and his wife, suing derivatively, brought this action against Corporate, as well as the defendant Lovell Safety Management Co., LLC (hereinafter Lovell). According to the plaintiffs, Lovell is liable because Corporate is Lovell's subsidiary or alter ego. Lovell moved for summary judgment dismissing the complaint insofar as asserted against it, contending that there was no basis for piercing the corporate veil. The Supreme Court, inter alia, granted the motion, and we affirm the order insofar as appealed from.

Generally, a plaintiff seeking to pierce the corporate veil must show that "complete domination" was exercised over a corporation with respect to "the transaction attacked," and "that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141

[1993]; *see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339 [1998]). Additionally, "the corporate veil will be pierced to achieve equity, even absent fraud, [w]hen a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (*Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003] [internal quotation marks omitted]; *see Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]; *Pebble Cove Homeowners' Assn. v Fidelity N.Y. FSB*, 153 AD2d 843 [1989]).

In opposition to Lovell's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact with respect to either domination or fraud (*see Lofstad v S & R Fisheries, Inc.*, 45 AD3d 739, 744 [2007]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]; *Mistrulli v McFinnigan, Inc.*, 39 AD3d 606, 607 [2007]; *Aetna Elec. Distrib. Co. v Homestead Elec.*, 279 AD2d 541, 541-542 [2001]; *Pebble Cove Homeowners' Assn. v Fidelity N.Y. FSB*, 153 AD2d at 843; *cf. Matter of Goldman v Chapman*, 44 AD3d 938, 940 [2007]; *Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d at 893). Accordingly, Lovell's motion was properly granted.

We note that the plaintiffs raise many arguments on appeal with respect to, inter alia, Corporate's purported undercapitalization and Lovell's purported malfeasance, fraud, and failure to negotiate with Corporate at arms' length. These contentions, however, are improperly raised for the first time on appeal (*see Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 114 [2009]; *County of Orange v Grier*, 30 AD3d 556 [2006]; *Piano 230 N. Corp. v 230 N. Realty*, 304 AD2d 544, 545 [2003]; *Crawford v Windmere Corp.*, 262 AD2d 268, 269 [1999]; *Moezinia v Baroukhian*, 247 AD2d 452, 453 [1998]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.