■ B. MERRICK RD., LLC, et al., Respondents, v CHRISO FOOD SERVICES, INC., Also Known as CARISO FOOD SERVICE, INC., Doing Business as EAST BAY DINER (SEAFORD), et al., Appellants. [944 NYS2d 597]—

In an action, inter alia, to enjoin the defendants from using the trade name and service mark East Bay Diner, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 14, 2011, as denied their cross motion pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiff Costas Mourelatos for lack of standing, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants DAP Diner, Inc., doing business as East Bay Diner (Bellmore), and Dennis Pavlatos for failure to state a cause of action, and pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against all of the defendants for failure to state a cause of action, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

In this action arising out of a dispute concerning the defendants' right to use a trade name claimed by the plaintiffs, the Supreme Court erred in denying that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted by the plaintiff Costas Mourelatos for lack of standing. The defendants submitted evidence in support of that branch of their cross motion which established that Mourelatos does not have an individual right to the use of the subject trade name and, thus, does not have standing to sue based upon the appellants' alleged misuse of the subject trade name (*see Kadish v Roosevelt Raceway Assoc.*, 183 AD2d 874 [1992]; *Baker v Latham Sparrowbush Assoc.*, 129 AD2d 667, 668 [1987]).

Moreover, the Supreme Court should have granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants DAP Diner, Inc., doing business as East Bay Diner (Bellmore) (hereinafter DAP), and Dennis Pavlatos, for failure to state a cause of action. There is no dispute that DAP is using the subject trade name based upon an acknowledged contractual right. In addition, although Pavlatos is a shareholder in the defendant corporations, the complaint is entirely devoid of any allegations supporting the plaintiffs' attempts to pierce the corporate veil and hold Pavlatos personally liable. The complaint did not allege a lack of corporate formalities, commingling of funds, or self-dealing on the part of either defendant corporation (*see 107 Realty Corp. v National Petroleum U.S.A.*, 181 AD2d 817, 818 [1992]), and the plaintiffs did not specifically plead that Pavlatos exercised complete domination of either defendant corporation, or that, in any event, even if Pavlatos did exercise complete domination, such domination was used to commit a fraud or wrong against the plaintiffs (*see Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344, 344-345 [2006]).

The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action, which alleged unfair competition, for failure to state a cause of action. The complaint does not allege that the plaintiffs actually used the subject trade name, and the plaintiffs failed sufficiently to allege how the use of the trade name by the defendants was unfair to them, or how it will cause confusion or mistake (*see Atlantic St. John, LLC v Yeomans*, 26 AD3d 266, 267 [2006]; *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [1998]; *Precision Concepts v Bonsanti*, 172 AD2d 737, 738 [1991]).

The defendants' remaining contentions are without merit. Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.