(August 8, 2012)

■ ALLSTATE ATM CORP., Appellant, v E.S.A. HOLDING CORP. et al., Respondents. [949 NYS2d 483]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated June 15, 2011, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the original complaint, and granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against the defendant Manocher M. Mehrfar.

Ordered that the appeal from so much of the order as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the original complaint is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Since the original complaint was superseded by the amended complaint, the plaintiff's appeal from so much of the order as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the original complaint has been rendered academic (*see DePasquale v Estate of DePasquale*, 44 AD3d 606 [2007]; *Weber v Goss*, 18 AD3d 540 [2005]; *Elegante Leasing, Ltd. v Cross Trans Svc, Inc.*, 11 AD3d 650 [2004]).

The Supreme Court properly granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211

(a) (7) to dismiss the amended complaint insofar as asserted against the defendant Manocher M. Mehrfar. Contrary to the plaintiff's contention, the amended complaint does not plead sufficient facts to hold Mehrfar personally liable under a theory of piercing the corporate veil. "In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, [the] plaintiff must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and 'abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice' " (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011], quoting *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]). Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate form include the failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and the personal use of corporate funds (*see Grammas v Lockwood Assoc., LLC*, 95 AD3d 1073 [2012]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 127 [2009], *affd* 16 NY3d 775 [2011]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1017 [2007]).

Here, the amended complaint did not allege that Mehrfar exercised complete domination and control over the defendant corporation, or that he abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff. The amended complaint did not allege any lack of corporate formalities, commingling of funds, or undercapitalization of the defendant corporation, or that Mehrfar made personal use of corporate funds (*see B. Merrick Rd., LLC v Chriso Food Servs., Inc.*, 95 AD3d 913 [2012]). Contrary to the plaintiff's contention, the affidavit of its principal and owner, which was submitted in opposition to the defendants' motion, did not remedy the defects in the amended complaint (*see Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 751 [2011]).

The plaintiff's remaining contention does not warrant reversal. Florio, J.P., Balkin, Hall and Miller, JJ., concur.