(May 9, 2013)

■ START ELEVATOR, INC., Appellant, v NEW YORK CITY HOUS- ING AUTHORITY, Respondent. [965 NYS2d 59]—

Order, Supreme Court, New York County (Barbara R. Kap- nick, J.), entered June 1, 2010, which granted defendant's mo- tion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff's contention that its April 28 and May 4, 2004 letters constituted a notice of claim pursuant to section 23 of the par- ties' contract is unavailing (*see e.g. Bat-Jac Contr. v New York City Hous. Auth.*, 1 AD3d 128, 129 [1st Dept 2003]). The April 28 letter merely stated that plaintiff would forward an estimate for the increased cost due to the change from ceramic tiles to glazed structural brick; however, section 23 (a) requires that a notice of claim state the "amount of the extra cost." Although

plaintiff's May 4 letter stated the amount of the extra cost, it was "not designated as a notice of claim" (*Bat-Jac*, 1 AD3d at 129; *see also Everest Gen. Contrs. v New York City Hous. Auth.*, 99 AD3d 479, 479-480 [1st Dept 2012]), and instead was a change order form requiring defendant to accept and approve the change by signing it. Defendant's signature does not appear on the May 4 letter.

Even assuming that plaintiff's letters constitute a notice of claim, the release plaintiff signed bars this action (*see e.g. Northgate Elec. Corp. v Barr & Barr, Inc.*, 61 AD3d 467, 468 [1st Dept 2009]).

We decline to consider the argument, raised for the first time in plaintiff's appellate reply brief, that sections 8, 22, and 23 are inconsistent, creating ambiguity and indefiniteness (*see e.g. Shia v McFarlane*, 46 AD3d 320, 321 [1st Dept 2007]). We also decline to consider plaintiff's fact-based waiver and estoppel arguments, raised for the first time on appeal (*see e.g. Mount Vernon Fire Ins. Co. v William & Georgia Corp.*, 194 AD2d 366, 367 [1st Dept 1993]).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Gonzalez, P.J., Tom, Sweeny, Renwick and Richter, JJ.