■ GENDOT ASSOCIATES, INC., Respondent, v FLORENCE E. KAUFOLD, as Executor of EDMUND L. KAUFOLD, Deceased, et al., Appellants. [982 NYS2d 375]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an amended judgment of the Supreme Court, Suffolk County (Spinner, J.), entered January 18, 2013, as, upon a decision of the same court dated March 7, 2012, made after a nonjury trial, is in favor of the plaintiff and against them directing specific performance of the contract, awarding the plaintiff loss-of-bargain damages in the principal sum of $1,526,000, prejudgment interest in the sum of $2,611,162.68, an attorney's fee in the sum of $319,493.49, and disbursements in the sum of $145,082.87, and dismissing their fourth counterclaim, which was for a judgment declaring that the contract of sale dated February 28, 2002, is void and unenforceable.

Ordered that the amended judgment is modified, on the law and the facts, (1) by deleting the provisions thereof awarding the plaintiff loss-of-bargain damages in the principal sum of $1,526,000, prejudgment interest in the sum of $2,611,162.68, and an attorney's fee in the sum of $319,493.49, (2) by deleting the provision thereof dismissing the fourth counterclaim, and (3) by adding a provision thereto declaring that the contract of sale dated February 28, 2002, is not void and unenforceable; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action, inter alia, for specific performance of a contract for the sale of real property. On a prior appeal, this Court held that the Supreme Court erred in granting those branches of the defendants' motion which were for summary judgment dismissing the complaint and on the defendants' fourth counterclaim, which was for a judgment declaring that the contract of sale is null and void, since there were unresolved, triable issues of fact as to how ambiguities in the meaning of certain contractual terms should be resolved and whether any conflict of interest on the part of the defendants'

attorney, Peter Danowski, Jr., resulted in the execution of a contract that was unconscionable to the defendants (*see Gendot Assoc., Inc. v Kaufold*, 56 AD3d 421, 424 [2008]).

Following a nonjury trial, the Supreme Court, inter alia, dismissed the defendants' counterclaims, awarded the plaintiff specific performance of the contract at the purchase price of $1,800,000, and awarded the plaintiff loss-of-bargain damages in the principal sum of $1,526,000, plus prejudgment interest on the loss-of-bargain damages, and an attorney's fee in the sum of $319,493.49.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *J. D'Addario & Co., Inc. v Embassy Indus., Inc.*, 83 AD3d 1001, 1002 [2011], *affd* 20 NY3d 113 [2012]; *Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 675-676 [2007]).

Contrary to the defendants' contention, their notices to the plaintiff that they were terminating the contract were invalid, as the notices did not set forth a valid ground for termination and, in any event, were premature pursuant to the terms of the contract.

Although the Supreme Court erred in precluding the defendants from examining their former attorney, Danowski, with respect to his alleged conflict of interest (*see Gendot Assoc., Inc. v Kaufold*, 56 AD3d at 424), this error was harmless under the circumstances. Even if a conflict of interest existed, the defendants failed to demonstrate "that the contract was both procedurally and substantively unconscionable when made" as a result of the alleged conflict (*id.* at 423 [internal quotation marks omitted]).

The defendants' contention that the plaintiff was not entitled to specific performance of the contract because the plaintiff failed to give them notice that "time was of the essence" with respect to closing on the plaintiff's chosen date, February 25, 2005, is not properly before this Court, as this argument is being raised for the first time on appeal (*see Piano 230 N. Corp. v 230 N. Realty*, 304 AD2d 544, 545 [2003]).

Accordingly, the Supreme Court properly determined that the contract is not void and unenforceable, and properly directed specific performance of the contract. However, the Supreme Court erred in awarding the plaintiff loss-of-bargain damages, along with prejudgment interest on the loss-of-bargain-damages.

" '[W]ith specific performance granted, the contract is being performed, and the purchaser has not lost the value of the bargain' " (*Cohn v Mezzacappa Bros.*, 155 AD2d 506, 507 [1989], quoting *Freidus v Eisenberg*, 123 AD2d 174, 177 [1986], *mod* 71 NY2d 981 [1988]). The Supreme Court also erred in awarding an attorney's fee (*see Mount Vernon City School Dist. v Nova Cas. Co.*, 19 NY3d 28, 39 [2012]).

Since the defendant's fourth counterclaim sought declaratory relief, we modify the amended judgment by, inter alia, adding a provision declaring that the contract of sale dated February 28, 2002, is not void and unenforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The defendants' remaining contentions are either without merit or improperly before this Court. Eng, P.J., Balkin, Lott and Roman, JJ., concur.