SECOND DEPARTMENT, AUGUST, 2014

(August 6, 2014)

▮ Dawn M. Avila, Now Known as Dawn Bechtold, Respondent, v Distinctive Development Co., LLC, et al., Appellants. [991 NYS2d 89]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered October 16, 2012, as denied those branches of their motion which were (a)

pursuant to CPLR 317 to vacate so much of an order of the same court entered April 10, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Distinctive Development Co., LLC, and (b) pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against the defendant Alan Schneebaum.

Ordered that the order entered October 16, 2012, is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against the defendant Alan Schneebaum is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant Distinctive Development Co., LLC, received notice of the certified mail sent to it by the New York Secretary of State and, thereafter, for a new determination on that branch of the defendants' motion which was pursuant to CPLR 317 to vacate that portion of the order entered April 10, 2012, which granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Distinctive Development Co., LLC.

The plaintiff commenced this action against Distinctive Development Co., LLC (hereinafter Distinctive), alleging causes of action to recover damages for breach of contract and negligence. In an order entered April 10, 2012, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against Distinctive and for leave to serve a supplemental summons and amended complaint so as to add Alan Schneebaum, Distinctive's managing member, as an additional defendant.

The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against Schneebaum. The defendants demonstrated that the cause of action insofar as asserted against Schneebaum to recover damages for negligence was time-barred (see CPLR 3211 [a] [5]). Contrary to the plaintiff's contention, she failed to demonstrate that the relation-back doctrine applied, as she did not establish that her failure to name Schneebaum as a defendant in the original complaint was due to a mistake on her part (see *Buran v Coupal*, 87 NY2d 173, 181 [1995]; *Sally v Keyspan Energy Corp.*, 106 AD3d 894, 897 [2013]; *Cardamone v Ricotta*, 47 AD3d 659, 660-661 [2008]). The amended complaint also failed to state a cause of action against Schneebaum (see CPLR 3211 [a]

[7]) under a piercing-the-corporate-veil theory, as the amended complaint did not allege that Schneebaum abused the privilege of doing business in the corporate form (*see Allstate ATM Corp. v E.S.A. Holding Corp.*, 98 AD3d 541, 542 [2012]; *B. Merrick Rd., LLC v Chriso Food Servs., Inc.*, 95 AD3d 913, 914 [2012]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 126-127 [2009], *affd* 16 NY3d 775 [2011]).

The Supreme Court also erred in denying, without a hearing, that branch of the defendants' motion which was pursuant to CPLR 317 to vacate so much of the order entered April 10, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Distinctive. The defendants demonstrated that Distinctive, which was not served with copies of the summons and complaint by personal delivery, did not personally receive notice of the summons in time to defend the action, and had a potentially meritorious defense (*see* CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Brickhouse Masonry, LLC v Windward Bldrs., Inc.*, 101 AD3d 919, 920 [2012]; *Maron v Crystal Bay Imports, Ltd.*, 99 AD3d 867, 868 [2012]). The Supreme Court determined that Distinctive deliberately attempted to avoid notice of the summons, based upon the fact that the New York Secretary of State mailed a copy of the summons and complaint to Distinctive by certified mail, in time for it to defend the action, and that this mailing was returned "unclaimed." However, the Supreme Court should not have made this determination without conducting a hearing as to whether Distinctive received notice of the dispatch or delivery of the certified mail from the Secretary of State (*see Rodriguez v Bridge Realty*, 155 AD2d 271, 271-272 [1989]; *Rifenburg v Liffiton Homes*, 107 AD2d 1015, 1016-1017 [1985]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on the issue of whether Distinctive received notice of the certified mail sent to it by the Secretary of State, and for a new determination thereafter on that branch of the defendants' motion which was pursuant to CPLR 317 to vacate of much of the order entered April 10, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against Distinctive. Mastro, J.P., Chambers, Lott and Duffy, JJ., concur. **[Prior Case History: 2012 NY Slip Op 32581(U).]**