Evans v City of Mt. Vernon (2018 NY Slip Op 05282)





Evans v City of Mt. Vernon


2018 NY Slip Op 05282


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-02822
 (Index No. 52426/12)

[*1]Norma Evans, respondent, 
v
City of Mt. Vernon, defendant, 120 East Prospect Avenue, LLC, appellant.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant.
Joseph R. Bongiorno & Associates, P.C., Mineola, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 120 East Prospect Avenue, LLC, appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated February 21, 2016. The order denied the motion of that defendant to vacate a default judgment against it in the principal sum of $150,000.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that in the afternoon of January 1, 2011, she fell on a sidewalk adjoining 120 East Prospect Avenue in Mount Vernon. In January 2012, she commenced this action to recover damages for personal injuries against, among others, 120 East Prospect Avenue, LLC (hereinafter the LLC), the owner of 120 East Prospect Avenue. The LLC was served by service upon the Secretary of State.
The LLC failed to appear or answer, and the plaintiff moved for leave to enter a default judgment against it. The motion was granted without opposition by order of the Supreme Court, Westchester County, dated May 21, 2013. After an inquest, the plaintiff obtained a judgment dated February 28, 2016, against the LLC in the principal sum of $150,000.
In June 2016, the plaintiff filed an execution of judgment against the LLC's bank account. By order to show cause dated September 21, 2016, the LLC moved to vacate the default judgment on the ground that its purported address, 120 East Prospect Avenue, was a boarded-up, unoccupied building, and it never received notice of the action until the execution of judgment was [*2]filed against its bank account. The LLC's attorney submitted an affirmation stating that the LLC operated out of 924 West Street in Pelham Manor, and received all its mail at that address. He further stated that the LLC had no notice of any defects in the sidewalk, there was no snow for two weeks prior to the accident, and the LLC removed snow and ice from the sidewalk. The LLC claimed that the default should be vacated pursuant to CPLR 5015(a)(1) and CPLR 317.
In opposition, the plaintiff noted that after it was ascertained that 120 East Prospect Avenue was boarded up, the LLC was served by service upon the Secretary of State. Notice of the LLC's default was mailed to 120 East Prospect Avenue, by certified mail, return receipt requested, and regular mail. The return receipt was never returned to the plaintiff, but the mail itself was not returned to the plaintiff. Further, the Department of Assessment for the City of Mount Vernon was not notified of a change of address for the mailing of real estate tax bills for 120 East Prospect Avenue from that address to 924 West Street in Pelham until June 1, 2013, at the earliest.
In the order appealed from, the LLC's motion to vacate the default judgment was denied. The Supreme Court found that the LLC was properly served, the notices to the LLC were never returned by the post office, and the LLC's denial of receipt, without more, was insufficient to rebut the presumption of receipt. The LLC appeals, and we affirm.
CPLR 5015(a)(1) provides, in pertinent part, that a default judgment may be vacated on the ground of "excusable default." In this case, the LLC has not asserted a reasonable excuse for its default.
CPLR 317, which does not require evidence of a reasonable excuse for the default (see Rodriguez v G.W. Bridge Realty, 155 AD2d 271, 272), applies when a defendant or an agent designated by the defendant for service of process is not personally served with process. Such a defendant may be relieved of the judgment if the defendant demonstrates that it did not have notice of the action, and establishes a potentially meritorious defense (see Booso v Tausik Bros., LLC, 148 AD3d 1108).
Limited Liability Company Law § 303 provides that the Secretary of State is the statutory agent for service of process for domestic limited liability companies. A failure to file a change of address with the Secretary of State "does not constitute a per se barrier to vacatur of a default judgment pursuant to CPLR 317" (Arabesque Recs., LLC v Capacity LLC, 45 AD3d 404, 404). Although the Supreme Court may consider CPLR 317 as a basis for vacating the default, "the defendant's mere denial of receipt of the summons and complaint is . . . insufficient to establish lack of actual notice of the action in time to defend for purposes of CPLR 317" (Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 AD3d 1054, 1055). The fact that copies mailed to the defendant were not returned to the plaintiff indicates that the defendant did receive notice, which, absent rebuttal, may be grounds to deny relief pursuant to CPLR 317 (see Xiao Lou Li v China Cheung Gee Realtly, LLC, 139 AD3d 724, 726). Under the circumstances, the LLC failed to demonstrate that it did not receive notice of the action in time to defend against it.
The LLC's remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying the LLC's motion to vacate the default judgement.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court