Marathon Area Volunteer Ambulance Corp v Beardsley (2024 NY Slip Op 51312(U))

[*1]

Marathon Area Volunteer Ambulance Corp v Beardsley

2024 NY Slip Op 51312(U)

Decided on September 19, 2024

City Court Of Ithaca, Tompkins County

Peacock, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
City Court of Ithaca, Tompkins County

Marathon Area Volunteer Ambulance Corp, Plaintiff,

against
Makayla Beardsley, Defendant.

Docket No. CV-50216-24

Seth Peacock, J.

Background
Plaintiff, by and through its attorney, The Levinbook Law Firm, P.C. of Hauppauge, New York, commenced this Civil action on September 12, 2024 seeking money for medical services rendered upon Defendant.
Applicability of UCCA § 213
Uniform City Court Act § 213 states that in an action for money under UCCA § 202, either of the parties must be a resident of the city or of a town contiguous to the city, have employment in the city, or have a place of business within the city. None of these requirements are met here. Plaintiff itself is located outside of the City of Ithaca. Defendant does not live in the City of Ithaca or a town contiguous to the City of Ithaca.
Plaintiff's counsel asserts that this Court "has jurisdiction and venue is proper over Defendant in accordance with U.D.C.A. 301(a) as Plaintiff is part of Cayuga Health System, which is located in the Town of Ithaca which is contiguous to the City of Ithaca." However, the Uniform District Court Act does not apply to a city court. It is Uniform City Court Act § 213 that applies in this case.
Furthermore, Plaintiff alleges only that it is "part of Cayuga Health System," and that Cayuga Health System is located in the Town of Ithaca, which is contiguous to the City of Ithaca.
Nature of Relationship Between Plaintiff and Cayuga Health System
Plaintiff does not elaborate on the nature of the relationship between Plaintiff and Cayuga Health System. Plaintiff and Cayuga Health System may be two separate corporate entities that do business with each other. Plaintiff may be a corporate subsidiary of Cayuga Health System. Whatever the relationship, Plaintiff provides no authority for the proposition that Cayuga Health System's Town of Ithaca office can be adopted by Plaintiff for UCCA § 213 purposes.
Even assuming Plaintiff is a corporate subsidiary of Cayuga Health System, the two remain separate entities. See Billy v Consol. Mach. Tool Corp., 51 NY2d 152, 163 (1980) ("[L]iability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary.")
To pierce the corporate veil between a parent corporation and subsidiary, the parent corporation must exercise complete domination and control in the matter. Stock control, interlocking directors and interlocking officers are in and of themselves insufficient facts to justify the imposition of such liability on the parent corporation. Control by the parent over the subsidiary's everyday operations will, however, render the parent liable for the [*2]subsidiary's acts.
Pebble Cove Homeowners' Ass'n, Inc. v Fid. New York FSB, 153 AD2d 843, 843 (2d Dept 1989) (internal citations omitted).
A New York Supreme Court analyzed a similar case where a Utah corporation sued a Florida corporation and a person living in Arizona. American Express National Bank v. Pino Napoli Tile & Granite, LLC, 79 Misc 3d 668 (Sup Ct, New York County 2023) (citing GS Plasticos Limitada v. Bureau Veritas, 80 AD3d 511 (1st Dept 2011)). The Utah corporation argued that it could bring the action in New York because it was a subsidiary of a New York corporation. The New York Supreme Court held that the alter-ego/department test should apply.
This formulation applies New York's longstanding alter-ego/department test for assessing the relationship for jurisdictional purposes of parent and subsidiary corporations. That test is a demanding one: It permits "a finding of agency for jurisdictional purposes" only when "the parent company's degree of control over the subsidiary's activities 'must be so complete that the subsidiary is, in fact, merely a department of the parent.'"
American Express National Bank, 79 Misc 3d at 673. Ithaca City Court concludes that the alter-ego/department test is the appropriate standard to determine whether a parent corporation's residence may be adopted by a subsidiary for UCCA § 213(b) purposes.
Cayuga Health System's Location Must Be Within The City Of Ithaca
Regardless, Plaintiff alleges merely that Cayuga Health System is located in a town contiguous to the City of Ithaca. Under UCCA § 213(a)(3), a plaintiff's place for the regular transaction of business must be "within the city." And under UCCA § 213(b), "A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city." Neither UCCA § 213(a)(3) nor 213(b) permit a corporation's office, agency, or place of regular business to be in a town contiguous to the City of Ithaca.
Conclusion
UCCA § 213(d) permits the Court, "on its own initiative at any time," to dismiss an action which does not satisfy the requirements of that section. However, the Court does not have enough information to determine whether Plaintiff does or does not satisfy the requirements of UCCA § 213. Therefore, it is
ORDERED that Plaintiff shall provide to the Court and Defendant, within 60 days of entry of this order, any information establishing that Plaintiff meets the requirements of UCCA § 213. The failure to provide such information will result in a dismissal pursuant to UCCA § 213(d). 
SO ORDERED.
Dated: September 19, 2024
HON. SETH PEACOCK
Ithaca City Court Judge