■ DAVID MERIN et al., Appellants, v PRECINCT DEVELOPERS LLC et al., Defendants, and BERND H. ALLEN et al., Respondents. [902 NYS2d 821]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 19, 2009, which, to the extent appealed from, granted the motion of defendant attorney Allen and his law firm to dismiss the complaint against them, unanimously affirmed, with costs.

The cause of action for common-law fraud alleges material

omissions, disclosure of which is mandated by the Martin Act (General Business Law art 23-A), but for which there is no private right of action (*see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236 [2009]). Defective conditions that—according to the complaint—were not disclosed to plaintiffs prior to purchase were plainly required to be disclosed under the Attorney General's implementing regulations (*see* 13 NYCRR 20.7).

The cause of action for deceptive acts and practices (General Business Law § 349) was properly dismissed since it stemmed from a private contractual dispute between the parties without ramification for the public at large (*see Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468-469 [2003], *lv dismissed* 100 NY2d 640 [2003]). To the extent the offering can be construed as directed at the public, the section 349 claim is preempted by the Martin Act (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 285 AD2d 244, 248 [2001]).

The cause of action for unjust enrichment is precluded by the existence of a valid agreement (*see Paragon Leasing, Inc. v Mezei*, 8 AD3d 54, 54-55 [2004]; *Jim Longo, Inc. v Rutigliano*, 294 AD2d 541 [2002], *lv denied* 2 NY3d 701 [2004]). Concur—Tom, J.P., Sweeny, Catterson, McGuire and Román, JJ.