Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 7, 2012, which, to the extent appealed from, granted defendants’ motions to strike the amended complaint dated April 24, 2012, unanimously affirmed, without costs. Order, same court and Justice, entered January 25, 2013, which granted defendants’ motions to dismiss the amended complaint dated July 11, 2012, unanimously modified, on the law, to reinstate the breach of contract action asserted against defendant Bradhurst 100 Development LLC seeking to recover damages for alleged defects to the common areas, to reinstate the breach of contract cause of action asserted against defendant West Manor Construction Corp., and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 27, 2012, which granted in part defendants’ motions to dismiss the original complaint, unanimously dismissed, without costs, as academic.
*647 Plaintiff Sutton Apartments Corporation commenced this action on behalf of the proprietary leaseholders/shareholders of a “condop” to recover damages allegedly sustained as a result of purported defects in the design and construction of the building. It asserts claims for breach of contract, negligence, fraud, negligent misrepresentation, professional malpractice, fraudulent conveyance, and violation of General Business Law §§ 349 and 350. Defendant Bradhurst 100 Development, LLC was the sponsor; defendants Pennrose Properties, LLC (Pennrose) and Duvernay + Brooks, LLC (Duvernay) were the sponsor’s members; defendant Joni Brooks was a member of Duvernay; and defendants Richard Barnhart and Mark Dambly were presidents of Pennrose (collectively the sponsor defendants). Plaintiff also sued Magnusson Architecture and Planning, PC (the architect), and general contractor West Manor Construction Corp. (the contractor).
The court properly granted defendants’ motions to strike the amended complaint dated April 24, 2012. That complaint was served after defendants’ motions to dismiss the original complaint had been submitted for consideration. The amended complaint was not served as of right, as it was served outside the time period for amendments without leave under CPLR 3025 (a).
The court, however, erred in dismissing the amended complaint dated July 11, 2012, filed after disposition of the motions to dismiss. Contrary to the court’s conclusion, the amended complaint did not merely reassert the dismissed claims, but also raised new claims for consideration. We also note that the June 7, 2012 order striking the prior amended complaint granted leave to re-serve an amended complaint 10 days after service of entry of the decision on the motions to dismiss.
The court also erred in dismissing the claim for breach of contract as asserted against the contractor. While the court reasoned that the contracts submitted did not refer to prospective leaseholders as beneficiaries of an agreement between the contractor and the sponsor, it is undisputed that the contractor-sponsor agreement had not been submitted with the motions. Accordingly, the court could not have ascertained the terms of that agreement. Accordingly, we reinstate the claim to permit the matter to proceed to discovery.
To the extent the court partially dismissed the breach of contract claim against the sponsor on the ground that Sutton Apartments Corporation lacked standing to bring claims to recover damages for defects to common elements of the building *648 (see Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership, 50 AD3d 503, 504 [1st Dept 2008]), the second amended complaint naming the Board of Managers of the Sutton Condominium as a plaintiff sufficiently addressed this deficiency (Residential Bd. of Mgrs. of Zeckendorf Towers v Union Sq. 14th St. Assoc., 190 AD2d 636 [1st Dept 1993]). Accordingly, the breach of contract claim against the sponsor regarding the common elements is reinstated.
The dismissal of the remaining claims are affirmed. While the Martin Act does not preclude the fraud claims, which allege affirmative misrepresentations as opposed to omissions of information required by the Act (see Bhandari v Ismael Leyva Architects, P.C., 84 AD3d 607, 607 [1st Dept 2011]), plaintiffs failed to plead those claims with sufficient particularity to permit an inference of fraud (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486 [2008]; Ford v Sivilli, 2 AD3d 773, 775 [2d Dept 2003]; Wildman & Bernhardt Constr. v BPM Assoc., 273 AD2d 38, 38-39 [1st Dept 2000]). The court properly dismissed plaintiffs’ claims alleging constructive fraudulent conveyance and fraudulent conveyance causing unreasonably small capital, as plaintiffs did not allege facts showing a fiduciary or confidential relationship between them and the sponsor defendants (see Levin v Kitsis, 82 AD3d 1051, 1054 [2d Dept 2011]).
The court also properly dismissed the claims alleging violation of General Business Law §§ 349 and 350, as this action is limited to the parties in the subject building and does not involve “the public at large” (Merin v Precinct Devs. LLC, 74 AD3d 688, 689 [1st Dept 2010]; Thompson v Parkchester Apts. Co., 271 AD2d 311, 311-312 [1st Dept 2000]). Plaintiffs failed to allege facts sufficient to support piercing the corporate veil to reach Pennrose and Duvernay or the individual defendants, Brooks, Barnhart, and Dambly (see Morpheus Capital Advisors LLC v UBS AG, 105 AD3d 145, 153 [1st Dept 2013]; Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209, 210-211 [1st Dept 2005]). Further, plaintiffs’ aiding and abetting fraud claim fails, as their conclusory allegations are insufficient to show “actual knowledge” (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). The court properly dismissed the negligence claims against the sponsor defendants and the contractor, as they are duplicative of the breach of contract claims against those defendants (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]).
The tort claims against the architect fail for lack of contractual privity, or the functional equivalency of privity (see Ossining *649 Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 421, 424 [1989]; Bri-Den Constr. Co., Inc. v Kapell & Kostow Architects, P.C., 56 AD3d 355 [1st Dept 2008], lv denied 12 NY3d 703 [2009]). Because the agreement between the architect and the sponsor does not reflect an intent that proprietary leaseholder be beneficiaries of the agreement, the court properly dismissed the breach of contract claim against the architect (see Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [1976]).
We have reviewed plaintiffs’ remaining contentions, including its argument regarding punitive damages, and find them unavailing. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.