■ BOARD OF MANAGERS OF THE 125 NORTH 10TH CONDOMINIUM, Respondent, v 125NORTH10, LLC, Doing Business as 125 NORTH 10, LLC, et al., Appellants, et al., Defendants. (And Third-Party Actions.) [55 NYS3d 372]—

Appeal from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated January 11, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendants 125North10, LLC, doing business as 125 North 10, LLC, 125N 10, doing business as 125 NorthLO, LLC, 125 N 10, doing business as 125North10 MM, LLC, Savanna Services, LLC, doing business as Savanna Partners, doing business as Savanna Fund, Christopher Schlank, Nicholas Bienstock, also known as Nicholas C. Bienstock, also known as Nicholas Cburnham Bienstock, Peter Petron, John Fraser, also known as John R. Fraser, Investcorp International Holdings, Inc., doing business as Investcorp, and Core Group Marketing, LLC, which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendants 125 N 10, doing business as 125North10 MM, LLC, Christopher Schlank, Nicholas Bienstock, also known as Nicholas C. Bienstock, also known as Nicholas Cburnham Bienstock, Peter Petron, and John Fraser, also known as John R. Fraser.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendants 125 N 10, doing business as 125North10 MM, LLC, Christopher Schlank, Nicholas Bienstock, also known as Nicholas C. Bienstock, also known as Nicholas Cburnham Bienstock, Peter Petron, and John Fraser, also known as John R. Fraser, is granted.

The plaintiff, the Board of Managers of the 125 North 10th Condominium, on behalf of itself and individual unit owners, commenced this action to recover damages arising from the allegedly deficient construction of its condominium building and individual units. The defendants include 125North10, LLC, doing business as 125 North 10, LLC, the sponsor of the condominium development (hereinafter the sponsor), 125 N 10, doing business as 125North10 MM, LLC, the managing member of the sponsor (hereinafter the managing member), and several sponsor principals, including Christopher Schlank, Nicholas Bienstock, also known as Nicholas C. Bienstock, also known as Nicholas Cburnham Bienstock, Peter Petron, and John Fraser, also known as John R. Fraser (hereinafter collectively the sponsor principals).

In an order dated January 11, 2016, the Supreme Court, inter alia, denied that branch of the motion of the managing member, the sponsor principals, and several other defendants which was for summary judgment dismissing the breach of contract cause of action insofar as asserted against the managing member and the sponsor principals. The moving defendants appeal, and we reverse the order insofar as appealed from.

The Martin Act (General Business Law art 23-A) provides that it is illegal for a person to make or take part in a public offering of securities consisting of participation interests in real estate unless an offering statement is filed with the New York State Attorney General that, inter alia, sets forth the numerous items of information that an offering statement must include (see General Business Law § 352-e; see also 13 NYCRR 20.4 [b]). Here, the sponsor principals and the managing member demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that they cannot be held individually liable for the breach of contract alleged by the plaintiff, based solely on alleged violations of the offering plan, merely by their certification of that offering plan in their representative capacities on behalf of the sponsor, in accordance with the requirements of the Martin Act and the implementing regulations promulgated thereunder (see Board of Mgrs. of 184 Thompson St. Condominium v 184 Thompson St. Owner LLC, 106 AD3d 542, 544 [2013]; Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc., 65 AD3d 1284, 1287-1288 [2009]; see also Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership, 12 NY3d 236, 245-246 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact regarding the potential liability of those defendants pursuant to veil-piercing or alter-ego theories (see Limited

Liability Company Law § 609 [a]; *Allstate ATM Corp. v E.S.A. Holding Corp.*, 98 AD3d 541, 542 [2012]; *B. Merrick Rd., LLC v Chriso Food Servs., Inc.*, 95 AD3d 913, 914 [2012]). Consequently, the moving defendants were entitled to summary judgment dismissing the breach of contract cause of action insofar as asserted against the sponsor principals and the managing member (*see Board of Mgrs. of 184 Thompson St. Condominium v 184 Thompson St. Owner LLC*, 106 AD3d at 544; *Hamlet on Olde Oyster Bay Home Owners Assn., Inc. v Holiday Org., Inc.*, 65 AD3d at 1287-1288; *see also Kerusa Co. LLC v W10Z/ 515 Real Estate Ltd. Partnership*, 12 NY3d at 245-246). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur. ■