Board of Mgrs. of the Bayard Views Condominium v FPG Bayard, LLC (2020 NY Slip Op 05481)





Board of Mgrs. of the Bayard Views Condominium v FPG Bayard, LLC


2020 NY Slip Op 05481


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-04790
 (Index No. 502885/14)

[*1]Board of Managers of the Bayard Views Condominium, etc., appellant-respondent,
v
FPG Bayard, LLC, et al., respondents, Joel Kestenbaum, et al., respondents-appellants.


Braverman Greenspun, P.C., New York, NY (Kelly A. Ringston of counsel), for appellant-respondent.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, William J. Geller, Massimo F. D'Angelo, and Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP [Frank V. Carone and Lawrence F. DiGiovanna], of counsel), for respondents and respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, and the defendants Joel Kestenbaum and Jonathan Landau cross-appeal, from an order of the Supreme Court, King County (Lawrence Knipel, J.), dated April 12, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the breach of contract cause of action to the extent that it sought damages for conditions or defects existing at the Bayard Views Condominium prior to the effective date of a chapter 11 bankruptcy reorganization plan of nonparty 20 Bayard Views, LLC, and to dismiss the cause of action for an accounting. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Joel Kestenbaum and Jonathan Landau.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the breach of contract cause of action to the extent that it sought damages for conditions or defects existing at the Bayard Views Condominium prior to the effective date of a chapter 11 bankruptcy reorganization plan of nonparty 20 Bayard Views, LLC, and substituting therefor a provision granting that branch of the defendants' motion which was to dismiss the breach of contract cause of action to the extent that it sought damages for conditions or defects existing at the Bayard Views Condominium prior to the effective date of the chapter 11 bankruptcy reorganization plan of nonparty 20 Bayard Views, LLC, except for those conditions and defects the defendant FPG Bayard, LLC, expressly agreed to remedy, as set forth in the Eighth Amendment to the Condominium Offering Plan for the Bayard Views Condominium, and (2) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Joel Kestenbaum and Jonathan Landau, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
On October 6, 2011, the defendant FPG Bayard, LLC (hereinafter FPG), acquired 37 unsold units and 40 unsold parking spaces of the Bayard Views condominium (hereinafter the condominium) following a chapter 11 bankruptcy reorganization of the original sponsor of the building, which had been confirmed on July 29, 2011, by order of the Bankruptcy Court, Eastern District of New York. Thereafter, in January 2012, FPG issued an amendment to the condominium offering plan, designating it as the new sponsor and indicating that it was completing work on certain enumerated "Punch List" items, relating to the construction of the common areas of the building.
In April 2014, the Board of Managers of the condominium (hereinafter the Board), on behalf of individual unit owners, commenced this action, inter alia, to recover damages for breach of contract and seeking an accounting relating to certain license fees allegedly collected by FPG on behalf of, but not turned over to, the condominium. After joinder of issue, the defendants moved in the United States Bankruptcy Court, Eastern District of New York, among other things, to reopen the bankruptcy case and to enjoin the instant action. In an order dated July 29, 2015, the Bankruptcy Court found that FPG was protected from claims by the Board which were based on liability arising from conduct of the original sponsor committed prior to the bankruptcy reorganization plan, "including successor liability for faulty construction of the condominium." However, the Bankruptcy Court also held that, to the extent that any claims arose from conduct of FPG committed post-bankruptcy, FPG was not protected. The Bankruptcy Court declined to determine into which category the claims in the instant action fell.
The defendants then moved, in this action, pursuant to CPLR 3211(a), inter alia, to dismiss so much of the breach of contract cause of action as sought the recovery of damages for conditions and defects existing at the condominium before the effective date of the bankruptcy reorganization plan, to dismiss the cause of action seeking an accounting, and to dismiss the complaint insofar as asserted against the defendants Joel Kestenbaum and Jonathan Landau. In the order appealed from, the Supreme Court, among other things, granted that branch of the defendants' motion which was to dismiss the breach of contract cause of action insofar as it sought the recovery of damages for conditions or defects existing prior to the effective date of the bankruptcy reorganization plan, and the cause of action for an accounting, and denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Kestenbaum and Landau. The plaintiff appeals, and Kestenbaum and Landau cross-appeal.
We agree with the Supreme Court's determination granting that branch of the defendants' motion which was to dismiss the cause of action for an accounting, as the allegations of the complaint indicate that the relationship between the Board and FPG was not fiduciary in nature (see Caprer v Nussbaum, 36 AD3d 176, 191; Board of Mgrs. of Acorn Ponds at N. Hills Condominium I v Long Pond Inv., 233 AD2d 472, 473).
As to the Supreme Court's determination directing dismissal of the breach of contract cause of action to the extent that it sought damages for conditions or defects existing at the condominium prior to the effective date of the bankruptcy reorganization plan, the defendants concede that the bankruptcy reorganization did not preclude the plaintiff from seeking to hold FPG liable for any breach of its obligation to perform the "Punch List" items set forth in the Eighth Amendment to the offering plan. We clarify the order appealed from in that respect. However, to the extent that the plaintiff argues otherwise, as explained in the July 29, 2015, order of the Bankruptcy Court, FPG's liability is limited to that obligation, which it assumed post-bankruptcy.
In addition, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Kestenbaum and Landau since their alleged liability is based solely upon their signatures on the certification of the January 2012 amendment to the offering plan in their representative capacities on behalf of FPG, in accordance with the requirements of the Martin Act (General Business Law art 23-A) and implementing regulations, and the Board did not plead any facts sufficient to support their liability under a theory of piercing the corporate veil (see Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d 1065, 1066; Board of Mgrs. of 184 Thompson St. Condominium v 184 Thompson St. Owner LLC, 106 AD3d 542, 544).
The defendants' remaining contention is without merit.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court