Board of Mgrs. of the Brighton Tower II Condominium v Brighton Bldr., LLC (2024 NY Slip Op 01903)

Board of Mgrs. of the Brighton Tower II Condominium v Brighton Bldr., LLC

2024 NY Slip Op 01903

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2019-11509
 (Index No. 506732/16)

[*1]Board of Managers of the Brighton Tower II Condominium, respondent, 
v
Brighton Builder, LLC, et al., appellants, et al., defendants.

Gutman & Weiss, P.C., Brooklyn, NY (Dov Medinets of counsel), for appellants.
Stahl & Zelmanovitz, New York, NY (Joseph Zelmanovitz of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and conversion, the defendants Brighton Builder, LLC, Mikhlin Holdings, Inc., and Leon Mikhlin appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated August 22, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against the defendant Leon Mikhlin, the third cause of action insofar as asserted against them, and so much of the fifth cause of action as was predicated on acts occurring prior to April 26, 2013, insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Brighton Builder, LLC, Mikhlin Holdings, Inc., and Leon Mikhlin which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against the defendant Leon Mikhlin, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Brighton Builder, LLC (hereinafter the sponsor), constructed a condominium building in the Brighton Beach neighborhood of Brooklyn. The defendant Leon Mikhlin is the sponsor's manager and controlling principal. In 2008, the sponsor filed an offering plan with the New York State Department of Law in compliance with the Martin Act (General Business Law art 23-A), New York's "blue sky law," which regulates the sale of participation interests in real estate (see General Business Law § 352-e; see also 13 NYCRR 20.1 et seq.). The offering plan contained certain required information about the condominium building and a certification thereof subscribed, as required by regulation, both by the sponsor and by Mikhlin "in his capacity as a principal" (see 13 NYCRR 20.4[b]). The residential units in the condominium building were thereafter marketed and sold under purchase agreements that each incorporated the offering plan by reference and that were based on the form of purchase agreement attached as an exhibit to the offering plan. Mikhlin's signature appears on each of the purchase agreements, but only as an authorized signatory of the sponsor, which is the legal entity obligated as the seller to each purchaser under the purchase agreements. In 2012, the condominium building, which is located only [*2]two blocks from the Atlantic Ocean, was damaged by Hurricane Sandy.
In 2016, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and conversion against, among others, the sponsor, Mikhlin individually, and Mikhlin Holdings, Inc., a "sponsor affiliate" (hereinafter collectively the defendants). The plaintiff alleged that repairs of the damage from Hurricane Sandy were untimely and/or incomplete and that there were various construction defects that constituted violations of the New York City Building Code, the offering plan, and the purchase agreements. Additionally, the plaintiff alleged that the defendants misappropriated regular maintenance payments, parking license payments, and the insurance proceeds from claims made following Hurricane Sandy. Moreover, the plaintiff alleged that Mikhlin breached his fiduciary duty during his time as president of the condominium board.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging breach of contract, insofar as asserted against Mikhlin, the third cause of action, alleging breach of fiduciary duty, insofar as asserted against the defendants, and so much of the fifth cause of action, alleging conversion, as was predicated on acts occurring prior to April 26, 2013, insofar as asserted against the defendants. In an order dated August 22, 2019, the Supreme Court, among other things, denied those branches of the motion. The defendants appeal.
The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging breach of contract, insofar as asserted against Mikhlin. No liability for breach of contract in favor of condominium unit owners attaches to principals of a sponsor who merely sign an offering plan in their capacity as principal in accordance with the requirements of the Martin Act (see Board of Mgrs. of the Bayard Views Condominium v FPG Bayard, LLC, 187 AD3d 697, 699-700).
Furthermore, the only contracts signed by the condominium unit owners were the purchase agreements that, unlike the offering plan, were only signed by the sponsor, and not by Mikhlin. Mikhlin may not be held personally liable for breach of contract based on an alleged breach of the purchase agreements unless an exception to the sponsor's corporate liability shield, such as piercing the corporate veil, applies (see Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d 1065, 1066-1067; Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 682).
"Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698 [internal quotation marks omitted]; see also Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47). "In addition to complete domination of the corporation, the pleading must allege abuse of the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (Chester Green Estates, LLC v Arlington Chester, LLC, 211 AD3d 801, 805). Thus, in order to survive a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), a party seeking to pierce the corporate veil must allege facts that, if taken as true and accorded every favorable inference, would support a finding that the defendant abused the corporate form, such as "the failure to adhere to corporate or LLC formalities, inadequate capitalization, commingling of assets, [or] the personal use of [corporate or] LLC funds" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767 [internal quotation marks omitted]).
Here, the plaintiff failed to allege facts that would support a finding that Mikhlin completely dominated the sponsor or that such domination was used to commit a fraud or wrong against the plaintiff. The fact that Mikhlin is the manager and controlling principal of the sponsor, on its own, is insufficient to establish a basis to pierce the corporate veil (see Matter of DePetris v Traina, 211 AD3d 939, 941; Chester Green Estates, LLC v Arlington Chester, LLC, 211 AD3d at 805).
In moving to dismiss a cause of action as barred by the applicable statute of limitations pursuant to CPLR 3211(a)(5), "a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Loiodice v BMW of N. Am., LLC, 125 AD3d 723, 724-725 [citations omitted]).
"'The statute of limitations for a cause of action alleging a breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated'" (Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 867, quoting Loeuis v Grushin, 126 AD3d 761, 764). To establish open repudiation, "[t]he law requires proof of a repudiation by the fiduciary which is clear and made known to the beneficiaries viewed in the light of the circumstances of the particular case" (Matter of Barabash, 31 NY2d 76, 80 [citation omitted]).
Here, there is no allegation that any purported repudiation was clear and made known to the beneficiaries and, therefore, the third cause of action, alleging breach of fiduciary duty, did not begin to run until the relationship terminated in 2015, when Mikhlin's service as president of the condominium board ended. The plaintiff commenced this action on or about April 26, 2016. Therefore, although the applicable statute of limitations for breach of fiduciary duty "depends on the substantive remedy that the plaintiff seeks" (IDT Corp. v Morgan Stanley Dean Winter & Co., 12 NY3d 132, 139), even assuming, without deciding, that a three-year statute of limitations applies (see CPLR 214[4]), the breach of fiduciary duty cause of action is not time-barred (see NM v Estate of Grainger, 171 AD3d 1197).
A cause of action alleging conversion is subject to a three-year limitations period (see CPLR 214[3]; Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083). "[A]ccrual runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover" (Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [citation omitted]; see Merlino v Knudson, 214 AD3d 642, 645). "[C]onversion occurs when funds designated for a particular purpose are used for an unauthorized purpose" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777 [internal quotation marks omittd]). Similarly, "[i]f possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand or sooner disposes of the property" (Matter of White v City of Mt. Vernon, 221 AD2d 345, 346). Here, the defendants failed to demonstrate that the alleged conversion occurred more than three years prior to the commencement of this action, as they failed to identify when, if ever, funds allegedly were used for an unauthorized purpose, subject to a refused demand for return, or otherwise improperly disbursed.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against Mikhlin, but properly denied those branches of the motion which were pursuant to CPLR 3211(a) to dismiss the third cause of action and so much of the fifth cause of action as was predicated on acts occurring prior to April 26, 2013, insofar as asserted against the defendants.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court