**Board of Mgrs. of the 135 W. 52nd St. Condominium v 135 W. 52nd St. Owner LLC**

2024 NY Slip Op 34539(U)

December 31, 2024

Supreme Court, New York County

Docket Number: Index No. 652284/2022

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. LOUIS L. NOCK**</u>      **PART**      **38M**

*Justice*

-------------------------------------------------------------------------------X

THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM,

           Plaintiff,

- v -

135 WEST 52ND STREET OWNER LLC, DAVID BISTRICER, MEYER CHETRIT, CLIPPER 135 WEST LLC, WEST 52 UNITS OWNER LLC, JOHN DOES 1-10, and XYZ CORPORATIONS 1-10,

           Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652284/2022 |
| **MOTION DATE** | 11/30/2023, 02/02/2024, 08/20/2024, 09/19/2024 |
| **MOTION SEQ. NO.** | 001 002 004 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 57, 58, 59, 60, 61, 62, 63, and 64

were read on this motion by defendants 135 West 52nd Street Owner LLC (the "Sponsor"), Meyer Chetrit ("Chetrit"), and West 52 Units Owner LLC (the "Successor Sponsor") to       <u>      DISMISS THE COMPLAINT      </u> .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, and 65

were read on this motion by defendants David Bistricer ("Bistricer") and Clipper 135 West LLC ("Clipper") to       <u>      DISMISS THE COMPLAINT      </u> .

The following e-filed documents, listed by NYSCEF document numbers (Motion 004) 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 87, 88, 89, 90, 91, 92, 93, and 94

were read on this motion by plaintiff for       <u>      AN ORDER OF ATTACHMENT      </u> .

The following e-filed documents, listed by NYSCEF document numbers (Motion 005) 83, 84, 85, and 86

were read on this motion by counsel for the Sponsor, Chetrit, and the Successor Sponsor for       <u>      ATTORNEY WITHDRAWAL      </u> .

LOUIS L. NOCK, J.S.C.

In motion sequence no. 001, defendants 135 West 52nd Street Owner LLC (the

"Sponsor"), Meyer Chetrit ("Chetrit"), and West 52 Units Owner LLC (the "Successor

Sponsor") move to dismiss the complaint as against them. In motion sequence no. 002,

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM vs. 135 WEST 52ND STREET OWNER LLC ET AL
Motion No.  001 002 004 005**

**Page 1 of 15**

1 of 15

[* 1]

defendants David Bistricer ("Bistricer") and Clipper 135 West LLC ("Clipper") move to dismiss the complaint as against them. In motion sequence no. 4, plaintiff moves for an order of attachment against the Sponsor, Clipper, and the Successor Sponsor.[1] The pending motions[2] are consolidated herein for disposition.

Background

This is an action alleging defects in the construction of "The 135 West 52nd Street Condominium" (the "Condominium"), located at 135 West 52nd Street, New York, New York (the "Building"). The Condominium was developed by the Sponsor under an offering plan (the "Offering Plan") submitted to, and approved for filing by, the Attorney General of the State of New York. In particular, the Sponsor converted a shuttered 46-story luxury hotel known as "Flatotel" into the Condominium. Plaintiff alleges to be acting on behalf of unit owners at the Condominium displeased with the renovation of the Building.

The complaint asserts ten causes of action: a first, for breach of contract due to alleged construction defects; a second, for negligent misrepresentation; a third, for breach of warranty; a fourth, for fraudulent inducement; a fifth, for breach of the covenant of good faith and fair dealing; a sixth, for violation of General Business Law ("GBL") section 349; a seventh, for violation of GBL section 350; an eighth, for unjust enrichment; a ninth, for breach of contract due to the lack of a permanent certificate of occupancy; and a tenth, for violation of U.S. Code section 1703 (a) (2) (the Interstate Land Sale Full Disclosure Act).

---

[1] Motion sequence no. 005 is a motion by counsel for the Sponsor, Chetrit, and the Successor Sponsor for withdrawal.

[2] Including motion sequence no. 005.

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM          Page 2 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

[* 2]                                                    2 of 15

The defendants[3] all move to dismiss all causes of action asserted against them with the sole exception of the first cause of action asserted against the Sponsor for breach of contract due to alleged construction defects.

The Applicable Standards

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994] [internal citations omitted]).

A motion to dismiss under CPLR 3211(a)(1) on the ground that an action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The court may consider documents of any type, including documents "reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable'" (*Midorimatsu, Inc. v Hui Fat Co.*, 99 AD3d 680, 682 [2nd Dept 2012] [internal quotations omitted], *appeal dismissed* 22 NY3d 1036 [2013]). Where documentary evidence unambiguously contradicts allegations in a pleading, dismissal is warranted regardless of any extrinsic evidence or self-serving allegations (*150 Broadway N.Y. Assocs., L.P. v Bodner*, 14 AD3d 1 [1st Dept 2004]).

On a motion to dismiss under CPLR 3211(a)(7), the court must determine whether, accepting as true the facts alleged in the complaint, the plaintiff has a legally cognizable cause of

---

[3] Defendants Bistricer and Chetrit are alleged to be principals of the Sponsor.

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**   **Page 3 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

3 of 15

action (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]). While the court must afford the pleading a liberal construction, "allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence [will] not [be] entitled to such consideration" (*Marraccini v Bertelsmann Music Group, Inc.*, 221 AD2d 95, 98 [3d Dept 1996], *lv denied* 89 NY2d 809 [1997]). These requirements must also be viewed through the prism of CPLR 3016(b), which applies when a plaintiff asserts a cause of action based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, in which the circumstances constituting the wrong shall be stated in detail (*see, Gall v Summit, Rovins & Feldesman*, 222 AD2d 225, 226 [1st Dept 1995], quoting CPLR 3016 [b], *appeal dismissed* 88 NY2d 919 [1996]).

The First Cause of Action for Breach of Contract Due to Alleged Construction Defects,
and the Third Cause of Action for Breach of Warranty

The first cause of action alleges that the defendants breached their obligations under the Offering Plan and Purchase Agreements executed in connection with the Condominium, and the third cause of action alleges that the defendants allegedly breached their warranty obligations under these same documents. However, under settled New York law, the only defendant properly named in these contract-based causes of action is the Sponsor (*see, e.g., Board of Mgrs. of the Bayard Views Condominium v FPG Bayard, LLC*, 187 AD3d 697 [2d Dept 2020] [Supreme Court should have dismissed the claims asserted against the sponsor's principals based solely on their signatures on the certification to the offering plan and in the absence of properly pleaded facts supporting liability under a veil-piercing theory], citing *Board of Mgrs. of the 125 N. 10th Condominium v 125 N. 10, LLC*, 150 AD3d 1065, 1066 [2d Dept], *appeal dismissed* 30 NY3d 959 [2017], *rearg denied* 30 NY3d 1086 [2018]) and *Board of Mgrs. of 184 Thompson St. Condominium v 184 Thompson St. Owner LLC*, 106 AD3d 542, 544 [1st Dept 2013]).

**652284/2022  THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**       **Page 4 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

4 of 15

As the Appellate Division, First Department, explained in *Board of Mgrs. of 184 Thompson St. Condominium, supra*: "Non Sponsors may not be held individually liable for any of plaintiff's claims premised solely on alleged violations of the offering plan and certification" (106 AD3d at 544). Moreover, where, as here, the breach of warranty claim against the sponsor is based on the same allegations as the plaintiff's contract claim, dismissal of the former is warranted as duplicative (*see, Board of Mgrs. of the 128 W. 111th St. Condominium v 114 West Realty LLC*, 2017 WL 3149331 [Sup Ct NY County 2017] [dismissing breach of express warranty claim where it was "based upon the same alleged failure to construct and repair the Building in accordance with the Purchase Agreements and Offering Plan as is the breach of contract claim"]).[4]

Here, a review of the first cause of action for breach of contract and third cause of action for breach of warranty reveals that they are based on the same alleged failure to properly construct the Building and repair alleged defects with no reference or citation to any independent warranties, rendering plaintiff's claim for breach of warranty duplicative (*Board of Mgrs. of the 128 W. 111th Street Condominium*, *supra*). It is also well settled that successor sponsors, such as 52 Units Owner LLC, may not be held liable for construction defects allegedly attributable to the original sponsor (*Board of Mgrs. of Bayard Views Condominium v FPG Bayard, LLC*, 187 AD3d 697, 700 [2d Dept 2020]).

To the extent that plaintiff attempts to impute any alleged breach of contract or breach of warranty by the Sponsor to its principals – individual defendants Bistricer and Chetrit – under a veil-piercing theory (*see*, Complaint ¶¶ 69-86), this court does not find the allegations sufficient.

---

[4] Plaintiff's citation to *Tiffany at Westbury Condominium by its Bd. of Mgrs. v Marelli Dev. Corp.* (40 AD3d 1073,1075-76 [2d Dept 2007]) is inapposite. In that case, "the owners alleged that [defendant] violated specific provisions of their purchase agreements other than the warranty provisions."

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**          **Page 5 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

[* 5]                                                          5 of 15

Distilled to their essence, the plaintiff's allegations of "alter ego[]" liability (Complaint at 19) go no further than alleging, conclusorily: (i) that the Sponsor and Successor Sponsor "are mere instrumentalities" of Bistricer and Chetrit in order to "shield[] themselves from liability" (*id.* ¶ 72); (ii) that Bistricer and Chetrit "derive[] a financial benefit" from the corporate entities they are principals of (*id.* ¶¶ 74, 75); (iii) that Chetrit "executed deeds for the Condominium's retail and commercial units *on behalf of the Sponsor*" (*id.* ¶ 79 [emphasis added]); and, without any apparent basis, "[u]pon information and belief," (iv) that corporate formalities were not followed (*id.* ¶ 83).  But as the Court of Appeals has stated: "The concept of piercing the corporate veil is a limitation on the accepted principles that a corporation exists independently of its owners, as a separate legal entity, that the owners are normally not liable for the debts of the corporation, and that it is perfectly legal to incorporate for the express purpose of limiting the liability of the corporate owners" (*Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]).  "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough . . . ."  (*Id.*, at 141.)

The allegations forming plaintiff's attempt to pierce the corporate veil, when studied carefully, simply do not go beyond the recognition that the individual defendants, who were principals of the Sponsor, acted "on behalf of the Sponsor" (Complaint ¶ 79; *see id.* ¶¶ 69-86).

In sum, the first and third causes of action should be dismissed except as asserted against the Sponsor.

The Second and Fourth Causes of Action Sounding in Fraud

The second cause of action for negligent misrepresentation alleges that the defendants falsely "represented that the Building and the Units would be constructed substantially in

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM       Page 6 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

[* 6]                                                      6 of 15

accordance with the Plan and the plans and specifications" (Complaint ¶ 97) and the fourth cause of action for fraudulent misrepresentation and inducement alleges that the Sponsor "made material misrepresentations to the Plaintiff and Unit Owners . . . regarding the design, specifications and construction of the Building and the units therein" (*id.* ¶ 124). But these claims are duplicative of the plaintiff's breach of contract cause of action due to alleged construction defects, predicated on the Offering Plan and Purchase Agreements, and seek identical damages as said cause of action for breach of contract. As such, they are duplicative and must be dismissed (*Community Counseling & Mediation Servs. v Chera*, 115 AD3d 589, 591 [1st Dept 2014] ["The proposed claim for fraudulent inducement, based merely on a misrepresented intent to perform, is duplicative of the breach of contract claim"]; *accord, Board of Mgrs. of the Vetro Condominium v 107/31 Dev. Corp.*, 2014 WL 5390548 [Sup Ct NY County 2014] [dismissing fraud claim against sponsor defendants where it mirrored breach of contract claim]).[5]

Additionally, plaintiffs lack standing to assert fraud claims because the marketing and sale of securities (which condominium units are in this context) is governed by GBL article 23-A – the Martin Act. Pursuant to the Martin Act, deceitful practices in the offering of securities is prohibited, and the Attorney General is vested with exclusive jurisdiction to litigate the rights of persons claiming that a party engaged in fraudulent or misleading conduct with respect to such offerings. "The Martin Act authorizes the Attorney General to enforce its provisions and implementing regulations; he may seek restitution for injured parties. Indeed, the Attorney General bears sole responsibility for implementing and enforcing the Martin Act; there is no private right of action under the statute" (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd.*

---

[5] Plaintiff relies on cases involving misrepresentations collateral to the contract (*see, MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287 [1st Dept 2011]).

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**        **Page 7 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

7 of 15

*Partnership,* 12 NY3d 236, 244 [2009] [internal quotations and citations omitted]; *see also, Merin v Precinct Developers LLC*, 74 AD3d 688, 688-89 [1st Dept 2010] [applying *Kerusa* in dismissing fraud claim]).

While plaintiffs have sought to circumvent this prohibition by characterizing private claims for Martin Act violations as common law fraud claims, the Court of Appeals has unequivocally stated that a condominium purchaser does not have "any common law claim for fraud, as distinct from a claim under the Martin Act" (*Kerusa*, 12 NY3d at 245]). Where a plaintiff's "cause of action relies entirely on alleged omission from filings required by the Martin Act," merely "alleging the elements of common law fraud does not transmute a prohibited private cause of action to enforce Martin Act disclosure requirements into an independent common-law tort" (*Kerusa*, 12 NY3d at 247). The Appellate Division, First Department, has long recognized that there must be some independent allegation of wrong to separate misrepresentation claims by purchasers of condominium units from the remedies available to the Attorney General (*see, Thompson v Parkchester Apts. Co.*, 271 AD2d 311, 311 [1st Dept 2000]). In sum, plaintiff's fraud causes of action must be dismissed not only because they are duplicative of plaintiff's claim for breach of contract due to alleged construction defects, but because they are preempted by the Martin Act (GBL art 23-A). As stated in *Berenger v 261 W. LLC* (93 AD3d 175 [1st Dept 2012]): "There is no private right of action where the fraud and misrepresentation relies entirely on alleged omissions in filings required by the Martin Act" (*id.* at 184).

Additionally, the second and fourth causes of action fail to meet the particularity requirements of CPLR 3016(b). Where a complaint fails "to set forth specific and detailed factual allegations that the defendant participated in, or had knowledge of, any alleged fraud,"

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**   **Page 8 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

8 of 15

the complaint is insufficient as a matter of law (*Handel v Bruder*, 209 AD2d 282, 282 [1st Dept 1994]). Each of the allegations in the second and fourth causes of action consists of broad boilerplate statements that "the Sponsor Defendants" – defined in the complaint to be a group of no less than five parties – collectively misrepresented facts concerning the Condominium. The complaint makes no allegation as to the relationship between any specific party other than the Sponsor and the plaintiff, nor does it suggest the substance and circumstances of any of the alleged misrepresentations. This fails to satisfy CPLR 3016(b). It is well settled that a failure to plead with specificity the allegations underlying causes of action for fraud and negligent misrepresentation renders the claims subject to dismissal (*see, 767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 75-76 [1st Dept 2004]). Furthermore, "a cause of action for fraud does not arise where the only fraud alleged merely related to a party's alleged intent to breach a contractual obligation" (*id*). Moreover, mere "conclusory allegation[s] of 'intentional misrepresentations' stemming from the manner in which defendants purportedly breached" an agreement fails to support claims sounding in fraud (*Modell's N.Y. Inc. v Noodle Kidoodle, Inc.*, 242 AD2d 248, 250 [1st Dept 1997]). Lastly, a plaintiff cannot attempt to plead around the identity of a party by whom or to whom a misrepresentation was purportedly made (*Dragon Investment Co. II LLC v Shanahan*, 49 AD3d 403, 403 [1st Dept 2008]).

Moreover, where an agreement contains a specific disclaimer of oral representations and a merger clause – as the Offering Plan and purchase agreements indisputably do – a party cannot rely on extra-contractual representations to support a misrepresentation claim (*see, Danann Realty Corp. v Harris*, 5 NY2d 317, 320-21 [1959] [fraud claim dismissed based upon disclaimer

652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM
vs. 135 WEST 52ND STREET OWNER LLC ET AL
Motion No.  001 002 004 005

Page 9 of 15

9 of 15

and merger language]; *Goldberg v KZ 72nd*, 171 AD2d 525, 527 [1st Dept 1991] [misrepresentation claims dismissed based upon offering plan language]).[6]

The Fifth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing

The fifth cause of action alleges that the defendants breached the implied covenant of good faith and fair dealing by allegedly "making knowing misrepresentations to the Plaintiff and the Unit Owners . . . by, amongst other things, failing to construct the Building in accordance with the Sponsor's representations, industry norms and applicable law" (Complaint ¶ 139). This allegation is virtually indistinguishable from those in the first cause of action for breach of contract due to alleged construction defects, which alleges that the defendants breached their obligations under the Purchase Agreements and the Offering Plan by "failing to construct the Building . . . substantially in accordance with the Offering Plan and the plans and specifications . . . [and] in accordance with the Building Plans . . . [and] all applicable zoning and building laws, codes, ordinances and regulations . . . ." (*Id.* ¶ 93.) In addition, the first and fifth causes of action seek identical damages of $6 million (*id.* at 36). It is well settled that where, as here, "both claims 'arise from the same facts and seek the identical damages for each breach," the claim for breach of the implied covenant of good faith and fair dealing "should be dismissed as duplicative of [the plaintiff's] contract claims" (*Netologic, Inc. v Goldman Sachs Group, Inc.*, 110 AD3d 433, 434 [1st Dept 2013], citing *Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce*, 70 AD3d 423, 426 [1st Dept], *lv denied* 15 NY3d 704 [2010]).

---

[6] Plaintiff's contention that the underlying merger and disclaimer clauses are general and not specifically related to construction defects is incorrect. They are sufficiently specific and related to such defects (*see, Gerstman v Fpg Maiden Lane LLC*, 2021 NY Misc LEXIS 15168 at *10 [Sup Ct NY County 2021]; *Zhang v Pacific Park 550 Vanderbilt LLC*, 60 Misc 3d 1225[A] [Sup Ct Kings County 2018]).

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM          Page 10 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

The Sixth and Seventh Causes of Action for Violation of
the GBL's Deceptive Consumer Practices and False Advertising Provisions

The sixth and seventh causes of action allege that the defendants engaged in deceptive consumer practices and false advertising in connection with the Condominium in violation of GBL §§ 349 and 350. Claims under those sections require a demonstration that a defendant's purported deceptive conduct had a broad impact on public at large – and do not apply to claims in unique private transactions. GBL § 349 prohibits deceptive practices "which have a broad impact on consumers at large" (*Four Winds of Saratoga, Inc. v Blue Cross and Blue Shield of Central N.Y. Inc.*, 241 AD2d 906, 907 [3d Dept 1997]). Similarly, GBL § 350 requires allegations of "an impact on consumers at large" (*Andre Strishak Assocs., P.C. v Hewlett Packard Co.*, 300 AD2d 608, 609 [2d Dept 2002]). The Appellate Division, First Department, has found that the sale of condominium units does not satisfy the threshold of having a broad impact on consumers at large (*Thompson v Parkchester Apts. Co.*, 271 AD2d 311, 311 [1st Dept 2000]). Allegations involving defective construction "and what the individual plaintiffs were told about the condition of [the construction] when they purchased their individual units, is unique to the parties at this particular complex, and thus, does not fall within the ambit of [GBL §§ 349 and 350]" (*id. See also, The Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 104 [1st Dept 2012] [dismissing GBL § 349 claim against condominium sponsor and selling agent because their alleged wrongdoing does not have "a broad impact on consumers at large."); *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr,* 307 AD2d 465, 468 [3d Dept] [single development does not satisfy deceptive consumer practices claim], *appeal*

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**          **Page 11 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

11 of 15

*dismissed* 100 NY2d 640 [2003]; *Merin v Precinct Developers LLC*, *supra*, 74 AD3d at 689 [offering plan dispute is a private contractual matter]).[7]

Additionally, because the claims are based upon allegations that the Sponsor omitted facts about the alleged defective condition of the Building, they are barred by the Martin Act, as discussed above. Moreover, the claims are precluded by the contractual disclaimer provisions, and, as noted above, there are no particularized allegations against the several defendants.

The Eighth Cause of Action for Unjust Enrichment

Plaintiff's eighth cause of action for unjust enrichment alleges that the defendants failed to deliver the Condominium units in accordance with the Offering Plan, Purchase Agreements, industry standards and in compliance with applicable codes (Complaint ¶¶ 158-59). But this claim is, once again, duplicative of plaintiff's breach of contract claim due to alleged construction defects. It is well settled that an enforceable written contract, as alleged herein by plaintiff, precludes recovery under quasi-contractual or similar equitable theories with respect to events arising from the same subject matter (*Curtis Props. Corp. v Greif Cos.*, 236 AD2d 237, 239 [1st Dept 1997]).

The Ninth Cause of Action for Breach of Contract Due to the
Lack of a Permanent Certificate of Occupancy

While the complaint acknowledges that the Sponsor obtained a temporary certificate of occupancy for the Building on October 30, 2015 (Complaint ¶ 62), the ninth cause of action alleges that the "Sponsor Defendants" have failed to obtain a permanent certificate of occupancy in breach of the Offering Plan, and seeks an injunction directing them to do so (Complaint ¶¶ 165-73). As asserted in the complaint, plaintiff requests permanent injunctive relief directing the

---

[7] Plaintiff's reliance on *Oswego Laborers' Local 2I4 Pension Fund v. Marine Midland Bank, N.A.* (85 NY2d 20 [1995]), is misplaced as it involved bank deposit funds where no interest was given. The Court held that "[p]rivate contract disputes, unique to the parties, would not fall within the ambit of the statute" (*id.* at 25).

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**           **Page 12 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

12 of 15

"sponsor Defendants to use their best efforts to obtain a Permanent Certificate of Occupancy" (*id*). A mandatory injunction to compel "best efforts" is not ordinarily granted when the gravamen of a claim can be adequately addressed through the imposition of money damages in redress of a breach of contract (*see, Van Valkenburgh, Nooger & Neville, Inc. v Hayden Pub. Co.*, 30 NY2d 34, *rearg denied* 30 NY2d 880, *cert denied* 409 US 875 [1972]).[8]

The Tenth Cause of Action for Violation of the Interstate Land
Sales Full Disclosure Act (15 U.S.C. section 1701)

The tenth cause of action alleges that the defendants violated the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, *et seq.* ("ILSA"), a federal anti-fraud statute applicable to certain real estate sales of *unimproved land*. ILSA simply does not apply to the conversion of an existing building to condominium ownership. As explained in *Board of Mgrs. of 150 E. 72nd St. Condominium v Vitruvius Estates LLC* (2018 WL 3005053 at \*11 [Sup Ct NY County 2018], *affd* 173 AD3d 589 [1st Dept 2019]): "15 U.S.C. § 1702(a)(2) expressly exempts 'the sale or lease of any improved land on which there is a residential . . . building' from the disclosure requirements of [ILSA]. This clearly exempts conversions of existing structures to condominiums." (Internal citations omitted.) Because the Condominium at issue did not involve unimproved land, but instead, the conversion of the existing Flatotel structure to condominium ownership, ILSA simply does not apply.[9]

---

[8] Plaintiff's citation to *Sokoloff v Harriman Estates Dev. Corp.* (96 NY2d 409 [2001]) is inapposite as it has nothing to do with certificates of occupancy. That action sought specific performance of a contract to provide architectural plans.

[9] Plaintiff's novel argument that ILSA's exemption as to improved land does not apply to substantial renovation work is unsupported. Its reliance on *Tencza v TAG Court Square, ZZC* (2013 WL 2449178 [SD NY, June 6, 2013]), is misplaced. There, the exemption did not apply because it was undisputed "that the contract did not obligate [the defendant] to erect the unit within two years from purchase" (*id.* at \*5). That is unlike the present circumstances where the Fifth Amendment to the Offering Plan explicitly provides that the Purchase Agreements firmly commit the Sponsor to complete each unit purchaser's unit within two years of the date of the applicable Purchase Agreement.

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**          **Page 13 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

13 of 15

Plaintiff's Motion for an Attachment

Plaintiff has moved for an attachment against the Sponsor's assets on the assertion that the Sponsor has placed Unit PH5 of the Condominium, owned by Clipper, on the market. However, Clipper's ownership of that property was fully disclosed over six years ago in an amendment to the Offering Plan. Moreover, the foregoing dispositions granting dismissal of causes of action other than for breach of contract due to construction defects asserted against the Sponsor militate further toward denial of an attachment.

The Motion by Counsel for the Sponsor, Chetrit, and the Successor Sponsor for Withdrawal

The court grants the motion for the reasons set forth in the supporting affirmation.

Conclusion

Accordingly, it is

ORDERED that the motions to dismiss (seq. nos. 001 and 002) are granted, and, therefore, it is

ORDERED that the causes of action asserted against defendants David Bistricer, Meyer Chetrit, Clipper 135 West LLC, and West 52 Units Owner LLC are dismissed; and it is further

ORDERED that the cause of action for breach of contract due to alleged construction defects as asserted against defendant 135 West 52nd Street Owner LLC shall continue; and it is further

ORDERED that the motion for an attachment (seq. no. 004) is denied; and it is further

---

Moreover, plaintiff's general assertion that the motions to dismiss are premature for the lack of discovery is incorrect. Its citation to *Board of Mgrs. of Fifth Ave. Condominium v 141 Acquisition Assocs., LLC* (179 AD3d 627 [1st Dept 2020]) is inapposite. Here, the legal effect of the Offering Plan and Purchase Agreements is not in issue, unlike in the cited case, where there was a key issue regarding whether the plaintiff there was an intended third-party beneficiary of the governing contracts.

**652284/2022  THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**  **Page 14 of 15**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**

14 of 15

ORDERED that the motion by counsel for defendants 135 West 52nd Street Owner LLC, Meyer Chetrit, and West 52 Units Owner LLC for withdrawal as counsel herein (seq. no. 005) is granted, and, accordingly, it is

ORDERED that the firm of Cermele & Wood, 2 Westchester Park Drive, Suite 110, White Plains, New York, shall be relieved as counsel for defendants 135 West 52nd Street Owner LLC, Meyer Chetrit, and West 52 Units Owner LLC herein, except that it shall serve a copy of this Decision and Order on said defendants so as to be received no later than January 10, 2025; and it is further

ORDERED that this action shall be stayed through February 10, 2025, to enable defendant 135 West 52nd Street Owner LLC to retain new counsel; and it is further

ORDERED that a status conference will occur on February 19, 2025, at 10:00 a.m., at the Courthouse, 111 Centre Street, Room 1166, New York, New York.

This will constitute the decision and order of the court.

ENTER:

*Louis L. Nock*

| 12/31/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652284/2022   THE BOARD OF MANAGERS OF THE 135 WEST 52ND STREET CONDOMINIUM**
**vs. 135 WEST 52ND STREET OWNER LLC ET AL**
**Motion No.  001 002 004 005**                                                                                                    **Page 15 of 15**

15 of 15

[* 15]